FILED
COURT OF APPEALS
DIVISION II

2013 MAR 26 AM 9: 28

STATE OF WASHINGTON

BY_____
        DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 42356-1-II |
| Respondent, | |
| v. | |
| DATRION ISREAL NEWTON, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, C.J. — Datrion Isreal Newton appeals his conviction of second degree felony murder, arguing that he is entitled to withdraw his guilty plea because he pleaded guilty under a statute that does not criminalize his behavior. We reject his argument and affirm.

## FACTS

In 2010, Tacoma police responded to a report of a shooting and found Donald McCaney suffering from a serious head wound. McCaney was transported to a local trauma center, but died.

Witnesses described a scene with multiple fights involving members of two street gangs. They saw Newton pull a gun and fire multiple shots. One of those shots accidentally hit McCaney, who was being beaten up by rival gang members. Newton and McCaney were friends.

The State initially charged Newton with first degree murder with a firearm enhancement and a gang aggravator; first degree assault with the same enhancement and aggravator; and first degree unlawful possession of a firearm, again with the gang aggravator. By amended

information, the State charged Newton with second degree felony murder committed in the course of and in furtherance of second degree assault, while armed with a firearm. The prosecutor explained that he was filing the amended information in the interests of justice:

> The victim, Donald McCaney, was Defendant's close friend. The victim was in a fist fight and Defendant intervened with deadly force, firing a pistol at two young men (gang rivals) who were fighting with McCaney. A bullet inadvertently struck McCaney, killing him. The victim's mother, who is well acquainted with Defendant and has been visiting him at the jail, has told [the] Detective . . . that she has forgiven Defendant and does not want to see him incarcerated for the equivalent of a life term.

Clerk's Papers (CP) at 12.

Newton entered an *Alford/Newton*[1] plea to the amended information, stating that he did not believe he had committed the crime charged but that he was taking advantage of the plea offer to reduce the charges and for "the favorable sentencing recommendation," understanding that there was a "substantial likelihood" he would be convicted at trial. CP at 21.

At the plea hearing, defense counsel stated that he had reviewed each paragraph of the guilty plea statement with Newton, including the elements of second degree felony murder, and that he believed Newton was making a knowing and intelligent waiver of the important constitutional rights he was giving up by pleading guilty. Newton stated that he did not have any questions about the guilty plea statement. After a comprehensive colloquy, the trial court found that Newton had made a knowing, intelligent, and voluntary plea; that he understood the charges against him and the consequences of the plea; and that the factual basis for the plea was set forth in the probable cause declaration. The court then imposed a high-end standard range sentence of

---

[1] *See State v. Newton*, 87 Wn.2d 363, 372, 552 P.2d 682 (1976) (adopting *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970)) (defendant may plead guilty while disputing facts alleged by prosecution).

254 months in custody, plus 60 months "flat time" for the enhancement, for a total sentence of 314 months.

Newton appeals and seeks to withdraw his plea.

## DISCUSSION

Newton argues that his guilty plea was not knowing, voluntary, and intelligent because he pleaded guilty under a statute that does not criminalize his behavior. Newton did not seek to withdraw his plea below on this or any other basis. As a general rule, issues cannot be raised for the first time on appeal. RAP 2.5(a). This rule does not, however, preclude review of an issue involving a "manifest error affecting a constitutional right." RAP 2.5(a)(3); *State v. Scott*, 110 Wn.2d 682, 684, 757 P.2d 492 (1988). Due process requires a guilty plea to be made knowingly, voluntarily, and intelligently. *In re Pers. Restraint of Isadore*, 151 Wn.2d 294, 297, 88 P.3d 390 (2004). Because Newton's claim implicates this constitutional requirement, it can be characterized as an allegation of manifest error that warrants review for the first time on appeal.

Newton pleaded guilty to second degree felony murder under RCW 9A.32.050(1)(b). This statutory provision states that a person is guilty of second degree murder when

> [h]e or she commits or attempts to commit any felony, including assault, other than those enumerated in RCW 9A.32.030(i)(e), and, in the course of and in furtherance of such crime or in immediate flight therefrom, he or she, or another participant, causes the death of a person other than one of the participants[.]

RCW 9A.32.050(1)(b). According to Newton, the statute is ambiguous about whether a predicate felony that is an assault must be separate from the act causing the death. Because "a fair reading" shows that the predicate assault and the act causing death must be separate, Newton maintains that the second degree felony murder statute does not criminalize his acts as felony

3

murder. Brief of Appellant, at 6. *See State v. Lively*, 130 Wn.2d 1, 14, 921 P.2d 1035 (1996) (under rule of lenity, courts must interpret ambiguous statute in defendant's favor).

As support, he cites the Supreme Court's opinion interpreting the former version of the second degree felony murder statute, which did not expressly refer to assault. *In re Pers. Restraint of Andress*, 147 Wn.2d 602, 56 P.3d 981 (2002); former RCW 9A.32.050(1)(b) (1976). The *Andress* court opined that it was nonsensical for the former statute to refer to the death as being "in furtherance of" an assault if the act causing death and the assault were the very same act. 147 Wn.2d at 610. Reasoning that the "in furtherance of" language indicated that the legislature did not intend that assault should serve as a predicate felony for second degree felony murder, the *Andress* court concluded that under former RCW 9A.32.050, a conviction of second degree felony murder could not be based on assault as the predicate felony. *Andress*, 147 Wn.2d at 610, 616; *see also In re Pers. Restraint of Hinton*, 152 Wn.2d 853, 857, 100 P.3d 801 (2004) ("A conviction under former RCW 9A.32.050 resting on assault as the underlying felony is not a conviction of a crime at all.").

The 2003 legislature responded to *Andress* by amending the second degree felony murder statute to expressly include assault as a predicate offense to felony murder. LAWS OF 2003, ch. 3, § 2; *State v. Armstrong*, 143 Wn. App. 333, 344, 178 P.3d 1048. The following statement of intent accompanied the amendment:

> The legislature finds that the 1975 legislature clearly and unambiguously stated that any felony, including assault, can be a predicate offense for felony murder. The intent was evident: Punish, under the applicable murder statutes, those who commit a homicide in the course and in furtherance of a felony. This legislature reaffirms that original intent and further intends to honor and reinforce the court's decisions over the past twenty-eight years interpreting "in furtherance of" as requiring the death to be sufficiently close in time and proximity to the predicate felony. The legislature does not agree with or accept the court's

> findings of legislative intent in *State v. Andress, Docket No. 71170-4 (October 24, 2002)*, and reasserts that assault has always been and still remains a predicate offense for felony murder in the second degree.

LAWS OF 2003, ch. 3, § 1.

Newton maintains that despite this statement and the accompanying amendment, the ambiguity that led to the *Andress* court's construction of the former second degree felony murder statute remains because the amended statute retains the "in furtherance of" language. RCW 9A.32.050(1)(b). As stated, Newton asserts that the only way to cure this ambiguity is to interpret the statute to require the predicate assault to be separate from the act causing death.

We reject Newton's proposed interpretation of the second degree felony murder statute because it undermines the basic premise of felony murder; i.e., that the victim's death must be sufficiently close in time and place to the underlying felony so that the death is within the res gestae of the felony. *Andress*, 147 Wn.2d at 609 (citing *State v. Leech*, 114 Wn.2d 700, 709, 790 P.2d 160 (1990)). To prove that a homicide occurred in furtherance of a felony, there must be an intimate causal connection between the events; more than a mere coincidence of time and place is necessary. *State v. Hacheney*, 160 Wn.2d 503, 513, 158 P.3d 1152 (2007) (quoting *State v. Brown*, 132 Wn.2d 529, 608, 940 P.2d 546 (1997)); *State v. Dudrey*, 30 Wn. App. 447, 450, 635 P.2d 750 (1981). A death cannot occur "in furtherance of" an assault that is separate from the act that caused the death.

Division One of this court has already rejected the argument that it should interpret the second degree felony murder statute to allow assault to serve as the predicate felony only where the assault was not also the act that caused the death. *State v. Gordon*, 153 Wn. App. 516, 527-29, 223 P.3d 519 (2009), *rev'd on other grounds*, 172 Wn.2d 671, 260 P.3d 884 (2011). The

*Gordon* court observed that any ambiguity in the amended statute was cured by the accompanying legislative statement: "The 2003 amendment in response to the holding in *Andress* and its accompanying statement of intent make it clear the legislature wants assault to be a predicate felony." *Gordon*, 153 Wn. App. at 529. Our Supreme Court has recognized as much: "[F]ollowing our decision in *Andress*, the legislature amended the second degree felony murder statute, effective February 12, 2003, to clarify that assault *is* included as a predicate crime under the second degree felony murder statute." *In re Pers. Restraint of Bowman*, 162 Wn.2d 325, 335, 172 P.3d 681 (2007).

The legislature has the power, within constitutional constraints, to define criminal conduct and set punishments. *State v. Wadsworth*, 139 Wn.2d 724, 734, 991 P.2d 80 (2000); *State v. Calle*, 125 Wn.2d 769, 776, 888 P.2d 155 (1995). The amended felony murder statute achieves the legislature's express goal of punishing those who commit a homicide in the course of and in furtherance of a felony in the same manner as those who intend to kill. *Gordon*, 153 Wn. App. at 527. This policy choice is well within the legislature's province. *Gordon*, 153 Wn. App. at 527. The legislature's express assertion that an assault causing death may serve as the predicate felony for a second degree felony murder charge, together with prior case law interpreting the "in furtherance of" provision, make it clear that Newton's proposed interpretation must fail. We see no evidence of a manifest injustice in Newton's plea of guilty to second degree felony murder based on second degree assault.

No. 42356-1-II

Affirmed.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, C.J.

We concur:

_____
Johanson, J.

_____
Bjorgen, J.

7